The Honorable Mark Stodola Prosecuting Attorney, Sixth Judicial District P.O. Box 1979 Little Rock, Arkansas 72203
Dear Mr. Stodola:
This is in response to your request for an opinion regarding Sections 1 and 2 of Act 1257 of 1993, which provide for the amendment of A.C.A. §§ 5-64-710 5-65-116, respectively. Pursuant to Section 1(b) of Act 1257 of 1993, courts are required to order a denial of driving privileges for minors who plead guilty or nolo contendere to, or are found guilty of, driving while intoxicated or "of any criminal offense involving theillegal possession or use of controlled substances, or of anydrug offense. . . ." [Emphasis added.] Prior to the amendment of A.C.A. § 5-64-710, as provided for in Act 1257, the statute stated that courts shall deny driving privileges for minors who plead guilty or nolo contendere to, or are found guilty of, driving while intoxicated or "of any criminal offense involvingthe illegal possession or use of alcohol or controlledsubstances. . . ." [Emphasis added.] Section 2 of Act 1257 of 1993, which provides for the amendment of A.C.A. § 5-65-116, contains the same language as Section 1 of the act, as emphasized above.
With regard to Act 1257, you note in your correspondence that Juvenile Judge Joyce Williams Warren has interpreted the deletion of the phrase, "of alcohol," from sections 1 and 2 of the act as meaning that courts no longer have the authority to suspend driver's licenses of minors for possession of alcohol, for public intoxication, or for any other alcohol related charge. You also note that Judge Warren has interpreted the addition of the phrase, "or of any drug offense," in sections 1 and 2 of Act 1257 as authority for courts to revoke the driver's licenses of minors who are charged with offenses such as loitering for purposes of drugs, possessing drug paraphernalia, or possessing or using any counterfeit substances. See Memorandum, page 1, Judge Joyce Williams Warren, Sept. 13, 1993. With regard to Judge Warren's interpretation of Sections 1 and 2 of Act 1257 of 1993, you have posed the following questions:
 1. Do Sections 1 and 2 of Act 1257 of 1993 amend A.C.A. §§ 5-65-116 5-64-710 in such a manner as to effectively remove the sanction of denial of driver's privileges for minors who plead guilty or nolo contendere to, or who are found by a juvenile court to have committed, offenses involving the illegal possession or use of alcohol? If not, what offenses are still subject to such sanction?
 2. Do Sections 1 and 2 of Act 1257 of 1993 amend A.C.A. §§ 5-65-116 5-64-710 in such a manner as to include the sanction of denial of driver's privileges for minors who plead guilty or nolo contendere to, or who are found by a juvenile court to have committed, the offenses of (a) loitering for purposes of drugs; (b) possession of drug paraphernalia; (c) offenses involving counterfeit substances; or (d) any drug-related offense found within the Controlled Substances Act?
After researching these questions, I have determined that any attempt to address them in an opinion would violate this office's longstanding policy against questioning the judgments of courts. Our policy on such matters is compelled, primarily, by the separation of powers doctrine. See Ark. Const., Art. 4, §§ 1
and 2. The judicial power of the State is vested in the courts. Ark. Const., Art. 7, § 1. Questions raised in judicial proceedings are properly addressed in that forum, pursuant to the courts' power and duty to interpret the law as enacted by the General Assembly. An opinion from this office would, under such circumstances, constitute little more than an executive comment on matters appropriately within the judicial branch. Nothing short of a final decision by the proper court can resolve such matters. Pursuant to these principles, the course of action which I would suggest is to pursue an appeal of any unfavorable judgments rendered by the courts. See generally A.C.A. §9-27-343 (Repl. 1991), providing for appeals from juvenile courts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh